UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

GERARDO GARRIDO GARCIA,
Petitioner,
v.
CHRISTOPHER J. LAROSE, Warden, Otay Mesa Detention Center, et al.,
Respondents.

Case No.: 3:26-cv-06454-RBM-AHG

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Pending before the Court is Petitioner Gerardo Garrido Garcia's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging the lawfulness of his detention by United States Immigration and Customs Enforcement. (Doc. 1.) For the reasons below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Petitioner is a citizen of Mexico who entered the United States without inspection in 1994. (*Id.* ¶ 18.) "He left the country a few times in the early 2000s to visit ailing family members and was apprehended returning on a couple of occasions," but "no order of removal arose from those encounters." (*Id.*) Other than those few times, Petitioner has resided continuously at the same address in Los Angeles. (Doc. 1-2 [Decl. of Gerardo Garrido Garcia ("Garcia Decl.")] ¶ 2.) During his time living here, Petitioner raised two

United States citizen sons, obtained a work permit to drive professionally, and was granted deferred action as the parent of a United States Army servicemember. (Doc. 1 ¶¶ 18–20 (citing Garcia Decl.).)

On October 31, 2026, Petitioner drove to the Twin Towers Correctional Facility in Los Angeles to deposit money into his son's commissary account. (*Id.* ¶ 22.) As he was walking back to his car, "four to six unmarked vehicles" pulled up next to him and "[t]wo men wearing black clothing, tennis shoes, and vests marked 'POLICE'" ran toward Petitioner and ordered him to sit on the ground. (*Id.*) Petitioner alleges that "[t]he officers never showed Petitioner a warrant," never "explained that Petitioner was being arrested or why," and likely subjected him to racial profiling. (*See id.* ¶¶ 27–29.) Petitioner was detained in a facility in Los Angeles for two days before being transferred to Otay Mesa Detention Center, where he remains today. (*Id.* ¶¶ 30–31.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that his detention violates 8 U.S.C. § 1357(a)(2), its implementing regulations, and the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 48–80.) Respondents argue that: (1) Petitioner must first exhaust administrative remedies; (2) because Petitioner is "receiving the relief he is entitled to" (a bond hearing scheduled for November 30, 2026), the Petition is moot; and (3) unlawful arrests are not cognizable

in habeas, and even if they were, "the remedy for that asserted procedural due process violation is not invariable unconditional release." (Doc. 4 at 2–7 (citations omitted).)

**A. Mootness**

The Constitution limits federal courts' jurisdiction over actions to those that present live cases or controversies. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005) ("Failure to satisfy Article III's case-or-controversy requirement renders a habeas petition moot.") (citation omitted). "The party asserting mootness bears the burden of establishing that there is no effective relief remaining that the court could provide." *S. Or. Barter Fair v. Jackson Cnty.*, 372 F.3d 1128, 1134 (9th Cir. 2004). "That burden is always heavy, as a case is not moot where any effective relief may be granted." *Wild Wilderness v. Allen*, 871 F.3d 719, 724 (9th Cir. 2017) (citation modified).

Because it can provide "effective relief" to Petitioner, the Court finds that the Petition is not moot. *See Jackson Cnty.*, 372 F.3d at 1134; *accord Cortez Trujillo v. Marquardt*, Case No.: 3:26-cv-04665-LEK-MSB, 2026 WL 2906033, at *2 (S.D. Cal. Sept. 25, 2026) ("The mere fact that a bond hearing **can be** scheduled is insufficient to carry Respondents' heavy burden to establish that the Petition is moot at this time." (emphasis in original)); *Lyu v. Janecha*, Case No. 5:26-cv-05051-MBK, 2026 WL 2681631, at *2 (C.D. Cal. Sept. 13, 2026) ("Respondents provide no authority that a bond hearing moots a habeas petition seeking the petitioner's release.").

**B. Exhaustion**

Respondents also argue that the Court should deny the Petition for failure to exhaust administrative remedies. (Doc. 4 at 6–7.) The Court "may waive the prudential exhaustion requirement if administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (cleaned up). Petitioner challenges his arrest and detention as unconstitutional; even if he were to appeal to the BIA, that appeal would not offer adequate

relief. *See Sarr v. Casey*, Case No.: 3:26-cv-02343-RBM-MSB, 2026 WL 1419635, at *3 (S.D. Cal. May 20, 2026) ("Any appeal Petitioner would make to the BIA would only be a review of the determination by the IJ at the bond hearing and would not address the propriety of Petitioner's detention, which concerns the constitutionality of an agency action prior to the bond hearing."). Therefore, the Court waives exhaustion here.

**C. Due Process**

To determine which procedures are constitutionally sufficient to satisfy the Due Process Clause, the Court applies the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319 (1976). The Court considers: (1) "the private interest that will be affected by the official action;" (2) the "risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.*

All three factors support a finding that Petitioner's due process rights were violated when Respondents detained him under 8 U.S.C. § 1226(a) without a pre-deprivation hearing. First, "the private interest at issue here is fundamental: freedom from imprisonment is at the core of the liberty protected by the Due Process Clause." *Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017) (citation modified). Courts have found "protected liberty interest[s]" sufficient to order release where petitioners were, as here, previously granted deferred action. *See Forsah R-Z v. Noem*, No. 1:26-cv-00832-DJC-AC, 2026 WL 310069, at *2 (E.D. Cal. Feb. 5, 2026); *Rodriguez Morales v. Warden*, Case No. 5:26-cv-04203-SB-ADS, 2026 WL 2365058, at *2 (C.D. Cal. Aug. 14, 2026). It is undisputed that Petitioner's grant of deferred action here expired before his arrest. (*See* Doc. 1 ¶ 20.) But just as a "petitioner's liberty interest d[oes] not expire along with [the expiration] of his parole," *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1109 (E.D. Cal. 2025), a protected liberty interest does not expire along with the expiration of a grant of deferred action. *Accord Walter A. v. Easterwood*, No. 26-cv-1393 (SRN/LIB), 2026 WL

836428, at *23 (D. Minn. Mar. 26, 2026) (noting that "a number of district courts have granted habeas petitions for [petitioners] with deferred action" and collecting cases). The Court is mindful of its obligation "not to overstate the strength of [a petitioner's] showing under the first *Mathews* factor." *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207–08 (9th Cir. 2022). Still, the factor weighs in favor of Petitioner, particularly because, unlike the petitioner in *Rodriguez Diaz*, Petitioner has received no bond hearing or individualized custody review. *Cf. id.* at 1207 ("Here, Rodriguez Diaz received a bond hearing approximately two months after he was detained under § 1226(a).").

Second, the risk of an erroneous deprivation is high because Petitioner has not been given an opportunity to be heard. *See Salazar v. Casey*, Case No.: 25-CV-2784 JLS (VET), 2025 WL 3063629, at *4 (S.D. Cal. Nov. 3, 2025); *Singh v. Andrews*, No. 1:25-cv-00801-KES-SKO (HC), 2025 WL 1918679, at *7 (E.D. Cal. July 11, 2025) (finding where, as here, Petitioner "has not received any bond or custody redetermination hearing," the "risk of an erroneous deprivation of liberty is high."); *Forsah R-Z*, 2026 WL 310069, at *1 ("Because of the grant of deferred action, . . . the risk of erroneous deprivation is high as there has been no evidence presented or determination made that Petitioner poses a risk of dangerousness or flight . . . ."). The Court finds that this factor weighs in Petitioner's favor.

Third, it is undisputed that the Government possesses a weighty interest "when it comes to determining whether removable [noncitizens] must be released on bond during the pendency of removal proceedings." *Rodriguez Diaz*, 53 F.4th at 1208 (citing *Demore v. Kim*, 538 U.S. 510, 515 (2003)). But Respondents' interest in detaining Petitioner *without reasoning or a hearing* is low. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1036 (N.D. Cal. 2025); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest [the petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low."). Furthermore, the fiscal and administrative burdens to provide Petitioner with a bond hearing are "minimal." *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Therefore, the Court finds that this factor weighs in Petitioner's favor.

Based on the above, the Court finds that Petitioner's detention without a pre-deprivation hearing violates due process. The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid").

## IV. CONCLUSION[1]

For the foregoing reasons, the Petition is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to any conditions that were in place before Petitioner's October 31, 2026 arrest.
2. The Court **ORDERS**, before any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge to determine whether detention is warranted. The noncitizen **SHALL BEAR** the burden of establishing, by a preponderance of the evidence, that he is not a danger to the community or a risk of flight.[2]

**IT IS SO ORDERED.**

DATE: November 25, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

[1] In light of its conclusion, the Court declines to address the Parties' arguments regarding warrantless arrests under 8 U.S.C. § 1357(a)(2) and its implementing regulations.
[2] *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).